White, C. J.
We find no error in the judgment of the district court.
The vendor’s lien rests on the ground that it would be *505 inequitable and contrary to the intention of the parties to allow the purchaser to retain the estate without paying the purchase-money.
The principle of the lien originates in the doctrine of equitable trusts.
• When the lien exists, courts of equity regard the vendee as a trustee of the vendor to the extent of the unpaid purchase money. The equity or lien of the vendor follows the estate' into the hands of all subsequent purchasers having notice of its existence. Such purchasers stand in no better situation than the first vendee; and they are chargeable with the same trusts, as respects the estate, as were enforcable against him while he retained the estate. Blackburn v. Gregson, 1 Bro. Ch. 424; Boos v. Ewing, 17 Ohio 500; 1 Perry on Trusts, sec. 232.
In the present case, Whetsel, the last purchaser, acquired the property with full notice that the purchase-money due from his immediate vendor, Cartmell, to Roberts, was unpaid. By his purchase Whetsel assumed the payment of the purchase-money owing to Roberts; and the question is whether Whetsel, by giving his notes to Roberts for the unpaid purchase-money, instead of to his immediate vendor, discharged the lien.
It seems to us the giving of the notes had no such effect. If the notes had been given to Cartmell instead of to Roberts, there would be no question as to the continued existence of the lien in favor of Roberts, the first vendor, which he might have enforced against the property in the hands of Whetsel. Equitably the money would be coming to Roberts. Eor if Whetsel paid his notes to Cartmell, the latter was bound to pay the same amount to Roberts in discharge of the lien which he held for the purchase-money.
The substance of the transaction was- the consummation of the sale, by substituting, with the consent of all the parties, the notes of Whetsel, the last purchaser, for the notes of Cartmell, the first purchaser.
There is nothing in the transaction to indicate that it was the understanding of the parties that by the substitution' *506 the lien was to be discharged. Nor is there any equitable ground upon which the transaction should be allowed to have that effect.
Equity regards only the substance of a transaction. And where property is charged with a trust in favor of a former vendor, looking alone to substance, we see no good reason why the giving of his note by the trustee should work any greater effect, in respect to disehai-ging the trust, when given to a remote than when given for the same purpose to his immediate vendor.

Leave refused.